James E. Dunn - State Bar Number 188040
Attorney at Law
620 Jefferson Ave.
Redwood City, CA 94063
650-918-7384

Attorney for LUIS TORRES

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS TORRES,<br><br>        Plaintiff,<br><br>vs.<br><br>SAN MATEO COUNTY SHERIFF DEPUTY JESSE GURKOVIC, ID No. 14950, SAN MATEO COUNTY SHERIFF DEPUTY MARK HUNTOON, COUNTY OF SAN MATEO, AND DOES 1-50.<br><br>        Defendants. | Case No: 16-CV-7091<br><br>**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**<br><br>1.  42 U.S.C. § 1983 et seq.<br>     (4th Amendment; Excessive Force)<br><br>2.  42 U.S.C. § 1983 et seq.<br>     (4th Amendment; False Arrest)<br><br>3.  42 U.S.C. § 1983 et seq.<br>     (4th Amendment; Unreasonable Search and Seizure)<br><br>4.  42 U.S.C. § 1983 et seq.<br>     (1st Amendment; Petition Govt.)<br><br>5.  42 U.S.C. § 1983 et seq.<br>     (4th Amendment; Unlawful Policies, Customs or Habits) |

Plaintiff alleges:

**JURISDICTION**

1. This is a lawsuit for money damages and is brought pursuant to 42 U.S.C. §1983, et seq., and the Fourth and Fourteenth Amendments to the United States Constitution, for personal injuries and violation of constitutional rights by defendants COUNTY OF SAN MATEO, SAN MATEO COUNTY SHERIFF DEPUTY JESSE GURKOVIC, ID No. 14950, AND DOES 1-50. Jurisdiction is founded on 28 U.S.C. Section 1331 and 1343 and the aforementioned statutory and Constitutional provisions.

**GENERAL ALLEGATIONS**

2. Plaintiff is and was at all material times mentioned herein a resident of the County of Santa Clara, State of California.

3. At all times mentioned herein defendants DOES 1 through 50 were employees of defendant COUNTY OF SAN MATEO and in doing the acts hereinafter described acted within the course and scope of their employment. The acts of all defendants and each of them, were also done under the color and pretense of the statutes, ordinances, regulations, customs and usages of the State of California. The defendant named above and DOES 1 through 50 are sued individually and in their capacities as employees of the COUNTY OF SAN MATEO.

4. Defendant COUNTY OF SAN MATEO are public entities existing under the laws of the State of California and are the employers of the individual defendants mentioned above.

5. The true names or capacities whether individual, corporate, associate or otherwise, of defendants named herein as DOES 1 through 50 are unknown to Plaintiff, who therefore sues said defendants by said fictitious names. Plaintiff will amend this complaint to show said defendants' true names and capacities when the same have been ascertained. Plaintiff is informed and believes and thereon alleges that all defendants sued herein as DOES are in some manner responsible for the acts and injuries alleged herein.

6. Plaintiff is informed and believes and therefore alleges that at all times mentioned herein each of the defendants was the agent, servant and/or employee of each of the remaining defendants and were, in doing the acts herein alleged, acting within the course and scope of this agency and/or employment and with the permission, consent and authority of their co-defendants and each of them, and each is responsible in some manner for the occurrences hereinafter alleged; and that Plaintiff's injuries were proximately caused by the actions of each.

## FACTUAL ALLEGATIONS

7. On April 3, 2013, at approximately 5:45 PM, SHERIFF DEPUTY JESSE GURKOVIC, ID No. 14950l, recklessly drove his marked patrol at a dangerous speed around a curve, and directly toward a crosswalk.

8. Mr. TORRES was well into the marked pedestrian cross walk, and a pregnant woman with an infant in a stroller was about to enter the cross walk from the other side.

9. Mr. TORRES ran after the patrol car to take a picture of the car and Deputy so that he could lodge a complaint and alert the Sheriff's Department of Defendant GURKOVIC's dangerous behavior.

10. Mr. TORRES was able to catch up to the patrol car at stop light.

11. When Mr. TORRES photographed the car and Deputy GURKOVIC, GURKOVIC threw the patrol car into park and stormed out of the vehicle.

12. Without giving any explanation, GURKOVIC charged at Mr. TORRES and grabbed Mr. TORRES. GURKOVIC forcefully threw Mr. TORRES against the patrol car, and then threw Mr. TORRES onto the street curb next to a gutter. As a result, Mr. TORRES's skin was torn off of his shoulder.

13. GURKOVIC then falsely arrested Plaintiff LUIS TORRES for battery on a peace officer and resisting or delaying a peace officer.

14. GURKOVIC applied handcuffs Mr. TORRES in a way calculated to inflict pain by setting the cuffs too tightly. Mr. TORRES complained to GURKOVIC that the cuffs were too

tight. Mr. TORRES hands swelled up, he lost sensation in his hands, and he still has nerve damage to this day.

15. SAN MATEO COUNTY DEPUTY SHERIFF MARK HUNTOON transported Mr. TORRES from the scene. Mr. TORRES complained to HUNTOON that the cuffs were too tight, that they cut off his circulation and that he had lost sensation. HUNTOON ignored Mr. TORRES.

16. At the jail, HUNTOON forced Mr. TORRES to reveal the access code to his mobile phone. HUNTOON made no effort to secure a warrant to search the phone.

### FIRST CAUSE OF ACTION
**[42 U.S.C. § 1983 Constitutional Violations-
Unlawful Search and Seizure/Excessive Force
Against All Defendants]**

17. Plaintiff realleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 16 above as though fully set forth herein.

18. As a result of the acts alleged above, Plaintiff was unlawfully seized by Defendants DOES 1 through 50. Thus, Plaintiff suffered an unlawful search and seizure in violation of his constitutional rights as guaranteed by the Fourth Amendment to the United States Constitution. As a result, Plaintiff is entitled to damages pursuant to Title 42 U.S.C. S 1983, et seq. in an amount to be proven at trial.

19. As a further result of the acts alleged above, Defendants and DOES 1 through 50 used unnecessary, unjustified and excessive force upon Plaintiff. This unreasonable and excessive force constituted an unlawful seizure, in violation of Plaintiff's constitutional rights as guaranteed by the Fourth Amendment to the United States Constitution. As a result, Plaintiff is entitled to damages pursuant to Title 42 U.S.C. S 1983 in an amount to be proven at trial.

20. As a proximate result of the acts alleged above, Plaintiff was injured in mind and body. Plaintiff suffered emotional distress due to the arrest and the humiliation that he felt. As a

further result, Plaintiff claims physical damages due to the assault and battery by DOES Defendants.

21. In committing the acts alleged above, the Defendants, including DOES 1 through 50 acted maliciously and/or were guilty of a wanton and reckless disregard for the rights, feelings and safety of Plaintiff, and by reason thereof Plaintiff is entitled to exemplary and punitive damages in an amount to be proven at trial.

### SECOND CAUSE OF ACTION
**[42 U.S.C. § 1983 Constitutional Violations-
Unlawful Search and Seizure/False Arrest
Against All Defendants]**

22. Plaintiff realleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 16 above as though fully set forth herein.

23. As a result of the acts alleged above, Plaintiff was unlawfully seized by Defendants DOES 1 through 50. Thus, Plaintiff suffered an unlawful search and seizure in violation of his constitutional rights as guaranteed by the Fourth Amendment to the United States Constitution. As a result, Plaintiff is entitled to damages pursuant to Title 42 U.S.C. S 1983, et seq. in an amount to be proven at trial.

24. As a further result of the acts alleged above, Defendants and DOES 1 through 50 used unnecessary, unjustified and excessive force upon Plaintiff. This unreasonable and excessive force constituted an unlawful seizure, in violation of Plaintiff's constitutional rights as guaranteed by the Fourth Amendment to the United States Constitution. As a result, Plaintiff is entitled to damages pursuant to Title 42 U.S.C. S 1983 in an amount to be proven at trial.

25. As a proximate result of the acts alleged above, Plaintiff was injured in mind and body. Plaintiff suffered emotional distress due to the arrest and the humiliation that he felt. As a further result, Plaintiff claims physical damages due to the assault and battery by DOES Defendants.

Case 3:16-cv-07091-EDL   Document 1   Filed 12/12/16   Page 6 of 9

26. In committing the acts alleged above, the Defendants, including DOES 1 through 50 acted maliciously and/or were guilty of a wanton and reckless disregard for the rights, feelings and safety of Plaintiff, and by reason thereof Plaintiff is entitled to exemplary and punitive damages in an amount to be proven at trial.

## THIRD CAUSE OF ACTION
**[42 U.S.C. § 1983 Constitutional Violations - Retaliation Against Exercise of First Amendment Right to Petition Government Against All Defendants]**

27. Plaintiff realleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 16 above as though fully set forth herein.

28. As a result of the acts alleged above, Plaintiff was unlawfully seized by Defendants DOES 1 through 50. Thus, Plaintiff suffered an unlawful search and seizure in violation of his constitutional rights as guaranteed by the Fourth Amendment to the United States Constitution. As a result, Plaintiff is entitled to damages pursuant to Title 42 U.S.C. S 1983, et seq. in an amount to be proven at trial.

29. As a further result of the acts alleged above, Defendants and DOES 1 through 50 used unnecessary, unjustified and excessive force upon Plaintiff. This unreasonable and excessive force constituted an unlawful seizure, in violation of Plaintiff's constitutional rights as guaranteed by the Fourth Amendment to the United States Constitution. As a result, Plaintiff is entitled to damages pursuant to Title 42 U.S.C. S 1983 in an amount to be proven at trial.

30. As a proximate result of the acts alleged above, Plaintiff was injured in mind and body. Plaintiff suffered emotional distress due to the arrest and the humiliation that he felt. As a further result, Plaintiff claims physical damages due to the assault and battery by DOES Defendants.

31. In committing the acts alleged above, the Defendants, including DOES 1 through 50 acted maliciously and/or were guilty of a wanton and reckless disregard for the rights, feelings

Complaint for Damages and Demand for Jury Trial - 6

and safety of Plaintiff, and by reason thereof Plaintiff is entitled to exemplary and punitive damages in an amount to be proven at trial.

### FOURTH CAUSE OF ACTION
**[42 U.S.C. § 1983 Constitutional Violations - Retaliation Against Exercise of First Amendment Right to Petition Government Against All Defendants]**

32. Plaintiff realleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 16 above as though fully set forth herein.

33. As a result of the acts alleged above, Plaintiff was unlawfully seized by Defendants DOES 1 through 50. Thus, Plaintiff suffered an unlawful search and seizure in violation of his constitutional rights as guaranteed by the Fourth Amendment to the United States Constitution. As a result, Plaintiff is entitled to damages pursuant to Title 42 U.S.C. S 1983, et seq. in an amount to be proven at trial.

34. As a further result of the acts alleged above, Defendants and DOES 1 through 50 used unnecessary, unjustified and excessive force upon Plaintiff. This unreasonable and excessive force constituted an unlawful seizure, in violation of Plaintiff's constitutional rights as guaranteed by the Fourth Amendment to the United States Constitution. As a result, Plaintiff is entitled to damages pursuant to Title 42 U.S.C. S 1983 in an amount to be proven at trial.

35. As a proximate result of the acts alleged above, Plaintiff was injured in mind and body. Plaintiff suffered emotional distress due to the arrest and the humiliation that he felt. As a further result, Plaintiff claims physical damages due to the assault and battery by DOES Defendants.

36. In committing the acts alleged above, the Defendants, including DOES 1 through 50 acted maliciously and/or were guilty of a wanton and reckless disregard for the rights, feelings and safety of Plaintiff, and by reason thereof Plaintiff is entitled to exemplary and punitive damages in an amount to be proven at trial.

## FIFTH CAUSE OF ACTION
**[42 U.S.C. S 1983 Constitutional Violations via Unlawful Policies, Customs or Habits Against the COUNTY OF SAN MATEO]**

37. Plaintiff realleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 16 above as though fully set forth herein.

38. On information and belief Plaintiff alleges that defendant COUNTY OF SAN MATEO, through its Sheriff's Department, has unlawful policies, customs and habits of improper and inadequate hiring, training, retention, discipline and supervision of its Deputy Sheriffs, including the individual defendants named herein, legally causing the constitutional deprivations, injuries and damages alleged in the First Cause of Action. As a result, Plaintiff is entitled to damages pursuant to Title 42 U.S.C. 1983, in an amount to be proven at trial.

39. Further, on information and belief Plaintiff alleges that defendant COUNTY OF SAN MATEO, through its Sheriff's Department, has an unlawful policy, custom or habit of permitting or condoning the unnecessary and unjustified use of force by their employees, including DOE 1 through 50, of permitting or condoning acts of unreasonable force related thereto by its deputy Sheriffs, including the individual defendant named herein. Defendant COUNTY OF SAN MATEO, through its Sheriff's Department, has further unlawful policies, customs and habits of inadequate training, supervision and disciplining of errant employees. Said unlawful policies, customs and habits proximately caused the constitutional deprivations, injuries and damages alleged in the First and Second Causes of Action. As a result, Plaintiff is entitled to damages pursuant to Title 42 U.S.C. § 1983, in an amount to be proven at trial.

40. As a proximate result of the unlawful policies, customs and habits alleged above, Plaintiff suffered the injuries alleged in paragraph 12 above and thus is entitled to general and compensatory damages in an amount to be proven at trial.

## STATUTE OF LIMITATIONS HAS BEEN TOLLED

41. The complaint has been filed timely for the following reasons: the statute has been tolled pending the outcome of the criminal prosecution arising from the arrest and detention of Mr. TORRES which gives rise to this lawsuit pursuant to California Government Code § 945.3; and finally, the statute has been tolled against the individual defendants for each day they have been absent from the state of California Code of Civil Procedure § 351. Mr. TORRES was acquitted of the criminal charges in January of 2015.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against defendants and each of them as follows:

1. For general and compensatory damages against defendants and each of them in an amount to be proven at trial;

2. For exemplary and punitive damages defendants and each of them, in an amount to be proven at trial;

3. For costs of suit herein, including reasonable attorneys fees; and

4. For such other and further relief as the Court deems proper.

Dated: December 12, 2016

    s/James E. Dunn
    jamesdunn@jamesdunn.com
    Attorney for LUIS TORRES

### Demand for Jury Trial

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands trial by jury in this action for all appropriate issues so triable.

Dated: December 12, 2016

    s/James E. Dunn
    jamesdunn@jamesdunn.com
    Attorney for LUIS TORRES